**United States District Court**
**Eastern District of Michigan**
**Southern Division**

United States of America,

    Plaintiff,

                                Case No: 24-cr-20203

v.

                                Hon. Shalina D. Kumar

Marcus Bond,

    Defendant.
_____/

# The United States of America's Response to Defendant's Motion for Revocation of Detention Order

Police arrested Defendant Marcus Bond after a traffic stop when he possessed a loaded 9mm firearm and crack cocaine on March 13, 2024. (4:24-CR-20203-SDK-CI ECF R. 3: Pg.ID 12 (all cites to this case number unless otherwise noted). Bond had previously pleaded guilty to several felony offenses, including felonious assault, delivery of a controlled substance (twice), and possession of a controlled substance. Over the government's objection, Bond was granted release while the charge against him was pending on April 15, 2024.

Page **1**

Less than 45 days after his release, on May 26, 2024, Bond unlawfully possessed ammunition, this time using a firearm to shoot another person outside of a gas station in Flint and leaving the other individual in critical condition. (4:24-mj-30206-CI ECF No. 1, PageID.3). The day after that shooting, Bond tried to obtain the video surveillance from the shooting at the gas station. (*Id.* at 5-6). An individual at the gas station recognized him as the shooter and called police. Bond ran from the police and discarded a bag containing approximately 30 grams of cocaine base. (*Id.* at 6). A complaint was issued against him for the newer incident which occurred on bond. The Court detained Bond in his next appearance when Bond consented to detention after previously having ordered him arrested for a review of his bond. (R. 17: 44-47; R.23: 73).

A grand jury indicted Bond in a superseding indictment for one count of felon in possession of a firearm for the March 13, 2024, incident, one count of felon in possession of a firearm for the May 26, 2024, shooting, and one count of possession of a controlled substance with intent to distribute. (R. 13: 30-32).

Bond is an armed career criminal subject to a mandatory minimum penalty of 15 years' imprisonment.

In a move demonstrating great temerity, Bond has filed a motion for the revocation of his detention order. The Court should not be gulled into releasing him from custody.

### I.  Factual and Procedural Background

Police arrested Defendant Marcus Bond after a traffic stop when he possessed a loaded 9mm firearm and crack cocaine on March 13, 2024. (R. 3: 12). Bond was immediately charged in state court, and he posted the necessary funds for release on that matter.

While released with that matter pending, Bond was arrested again on a serious case. In that matter, just after midnight on April 1, 2024, Flint Police stopped Bond after he drove at a high rate of speed and disregarded a stoplight. (Ex. A). When told he was going to be arrested, Bond refused to exit the car and drove away. He led police on a chase that involved speeds of approximately 100 miles per hour in a 25 mile per hour zone, eventually ditching his car and jumping fences in an effort to avoid arrest.

Bond's was charged for that matter, but his flight did not lead to further incarceration. He was again provided the opportunity for release from custody. Bond was released with a tether on April 3, 2024.

On April 5, 2024, an initial complaint was issued against Bond in federal court for the March 13, 2024 firearm possession. On April 11, 2024, the defendant made his initial appearance and the government requested detention.

Despite a criminal record that included three prior convictions for the distribution of a controlled substance, a conviction for felonious assault, arrests in three different states, another 2022 felonious assault arrest that resulted in a dismissed case, approximately 20 total arrests, and an arrest for felony fleeing and eluding while on bond in state court for the same offense, pre-trial services inexplicably recommended release. The government argued for detention, but the Magistrate Judge concurred with pre-trial services request and released Bond.

Bond's problems with supervision arose relatively quickly. Bond missed court on April 29, 2024, though it was not intentional. Bond remained on release on a tether in his state court matter. On May 8, 2024, Bond the tether showed that Bond was outside his residence in various areas of Flint in the early morning hours. (R. 17: 44). He was ordered to report for a in-person tether check in on May 9, 2024. Bond, apparently taking this as more of a suggestion than a requirement, did not arrive

and only called in. *Id.* On May 16, the state court relieved Bond of the inconvenience of his tether and no actions were taken on his violations.

On May 27, 2024, a gas station employee called police because Bond was trying to intimidate him into providing him with a video of a shooting the day before. When police arrived, Bond fled. During his flight, Bond discarded a hooded sweatshirt with approximately 32 grams of cocaine in the pocket. Further investigation of the shooting from the previous night demonstrated why Bond wanted the video. The gas station employee recognized Bond as the shooter and the video demonstrated that Bond committed the shooting the previous night. Bond admitted that he committed the shooting only after the other individual pointed a firearm at him. The victim admitted to pointing a fake firearm at Bond after Bond bullied his nephew. The victim was shot in the chest and was in critical condition after the shooting.

Following this incident, this Court ordered a review of his release status and the government issued a complaint against him for his new conduct. (R. 17: 44-47; 4:24-mj-30206-CI ECF No. 1, PageID.3). Bond consented to detention. (R. 23, PageID.73). A grand jury later issued a superseding indictment against Bond for one count of felon in possession

Page **5**

of a firearm for the first incident, felon in possession of ammunition for the second incident, and possession with intent to distribute cocaine when he discarded the cocaine the next day. (R.20: 64-68).

Bond now seeks revocation of his detention order.

## Argument

### Standard of Review

This Court reviews *de novo* the magistrate judge's order of pretrial detention pursuant to 18 U.S.C. § 3145. *See United States v. Williams*, 948 F. Supp. 692, 693 (E.D. Mich. 1996); *see also United States v. Yamini*, 91 F. Supp. 2d 1125, 1127 (S.D. Ohio 2000) (collecting cases). The Court may receive additional evidence or rely on the record of the earlier hearing. *See United States v. Martinez*, No. 1:12-CR-210, 2012 WL 4815018, at *1 (W.D. Mich. Oct. 10, 2012). Here, there is no original hearing besides the government's failed attempt at detention after the initial complaint. Therefore, the Court has no prior decision or hearing to review as Bond previously consented.

**1.     This Court Should Maintain the Detention Order Because All Four § 3142 Factors Favor Detention.**

Under the Bail Reform Act, a person shall be detained if "no condition or combination of conditions will reasonably assure the

appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). The finding of dangerousness must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f)(2)(b).

A rebuttable statutory presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community arises when there is probable cause to believe that the defendant committed a violation of the controlled substances act punishable by ten years or more. 18 U.S.C. § 3142(e)(3)(A). The resulting presumption in favor of detention imposes a "burden of production" on the defendant, and the government retains the "burden of persuasion." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). A defendant satisfies his burden of production when he comes forward with evidence that he does not pose a danger to the community or a risk of flight. *Id.* Even when a defendant satisfies his burden of production, however, "the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Id.* The statutory presumption "reflects

Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial." *Id.*

When determining whether there are conditions of release that will reasonably assure the safety of any other person and the community, the court must consider four factors: (1) the nature and circumstances of the offense charged, including whether the offense "involves a minor victim"; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by release. *See* 18 U.S.C. § 3142(g). Here, all four factors weigh in favor of detention, and the defendant has not rebutted the presumption in favor of detention.

**2. The nature and circumstances of the charged offenses are serious.**

The charged offenses are undeniably serious and strongly favor detention. Bond unlawfully possessed a firearm and then, while on bond for that offense, unlawfully possessed another firearm and possessed cocaine in an amount consistent with distribution. On the second occasion where he possessed a firearm, he shot another person and nearly

killed them. Regardless of whether Bond acted in self-defense, he should not have had a firearm at all.

The nature and circumstances of the offense weigh heavily in favor of detention.

3. **The weight of the evidence of dangerousness is strong.**

This factor likewise weighs heavily in favor of detention. The weight of the evidence in these circumstances relates not to the weight of evidence of guilt, but rather the weight of evidence of dangerousness. In this case, Bond possessed a firearm on two separate occasions while being an armed career criminal and also possessed with intent to distribute cocaine. He also shot another human being. That provides strong evidence of dangerousness and favors detention.

4. **Bond's history and characteristics show he poses a danger to community.**

Bond's history and characteristics also favor detention immensely. Bond has four prior qualifying convictions for armed career criminal status---three distributions of controlled substances and one felonious assault. (Pre-Trial Services Rep.) He also has other arrests for violent behavior that were dismissed, with an assault with intent to commit

great bodily harm in 2020 and a felonious assault in 2022. Bond also has other concerning convictions, including a domestic violence conviction from the state of Texas in 2013. Bond also had an active warrant from the state of Texas for an apparent drunk driving case.

Bond also has the problematic characteristic of not following conditions of bond, including failing to comply with his tether restrictions, not coming to court, and---most importantly---shooting another person and possessing narcotics with intent to distribute them.

This factor also favors continued detention.

**5.    The nature and seriousness of the danger that Bond poses to others supports his detention.**

Bond is a serious danger to the community. He cannot comply with the conditions of release and continued to possess firearms, flee police, and possess narcotics even while on bond for two separate cases. His release on bond already resulted in serious injury to another person. The Court should not allow that to happen again.

**6.    Bond has proffered no evidence to rebut the presumption.**

Bond's motion provides no evidence or argument to rebut the presumption in favor of detention or support release. He cannot meet his

Page **10**

burden of production given the awful nature of the facts and his criminal record. Even if he had, there is clear and convincing evidence supporting that he is a danger to the community and that no conditions or set of conditions could assure its safety, and a preponderance of evidence showing that there is not a condition or set of conditions that could assure his appearance.

## Conclusion

Bond's motion makes no effort to justify his release because no such reasonable arguments exist. He is a danger to the community who views bond conditions as mild suggestions that he can does disregard at will. The Court should deny his motion without a hearing.

                                        Respectfully submitted,

Dated: October 18, 2024        DAWN N. ISON
                                        United States Attorney

                                        *s/Christopher W. Rawsthorne*
                                        Christopher W. Rawsthorne
                                        Assistant United States Attorney
                                        600 Church Street
                                        Flint, MI 48502
                                        (810) 766-5177
                                        christopher.rawsthorne@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 18, 2024, the foregoing document was served via filing by the ECF system:

Major White

*s/Christopher W. Rawsthorne*
Christopher W. Rawsthorne
